## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: 13-cv-2808 JNE/JSM

| | |
|---|---|
| Brooklyn Horgen on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>American Accounts & Advisers, Inc.,<br><br>Defendant. | **AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1.      This is a consumer class action brought on behalf of Minnesota consumers subjected to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). This law prohibits debt collectors from engaging in deceptive and unfair collection practices.  Defendant engaged in an unfair and illegal practice of charging Plaintiff and other Minnesota consumers an unauthorized and illegal electronic credit card processing fee.

## JURISDICTION

2.      Jurisdiction of this Court arises out of events emanating from this District and this Court has jurisdiction pursuant to 15 U.S.C. § 1692 *et seq.* and 28 U.S.C § 1331.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conducts business in this district.

## PARTIES

4.     Plaintiff Brooklyn Horgen (hereinafter "Plaintiff") is a natural person who resides in the City of Farmington, County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant American Accounts & Advisers, Inc. (hereinafter "Defendant AAA") is a Minnesota corporation operating from an office at 7460 80th Street South, Cottage Grove, Minnesota 55016

## FACTUAL ALLEGATIONS AS TO PLAINTIFF HORGEN

6.     At some time prior to March 25, 2013, Plaintiff incurred a consumer debt as that term is defined at 15 U.S.C. § 1692a(5) for medical expenses with Emergency Physicians Professional Association ("EPPA") which were incurred at Fairview Ridges Hospital ("Fairview") in the amount of $2,337.00.

7.     Plaintiff's original contract with EPPA did not include a provision or allowance for the charging of Plaintiff with fees for electronic payments made by credit card toward that debt.

8.     At no time following the formation of the contract did Plaintiff and EPPA agree to the imposition of electronic payment charges or fees.

9.     At some point unknown to Plaintiff, Plaintiff's account with EPPA was transferred, sold or assigned to Defendant AAA for collection.

10.    On or around March 25, 2013, (hereinafter "the Letter") Plaintiff received a letter from Defendant AAA seeking to collect an alleged debt on behalf of EPPA. *See* attached Exhibit 1.

11.    Defendant AAA's Letter was printed on Defendant AAA's letterhead.

12.    Defendant AAA's address does not appear on the Letter.

13.    Defendant AAA included the 30-day validation notice language required by the FDCPA, 15 U.S.C. 1692g in the Letter and instructs consumers to request information in writing but does not provide an address to reach Defendant AAA in violation of 15 U.S.C. §1692g, §1692e and §1692f.

14.    Nowhere in Defendant AAA's Letter does it disclose that electronic payments would result in a three (3) percent processing fee.

15.    On or around July 19, 2013, Plaintiff received a second collection letter from Defendant AAA seeking to collect an alleged debt on behalf of EPPA. Defendant AAA's letter stated the remaining balance of the alleged debt as $25.00.

16.    In the letter dated July 19, 2013, Defendant AAA stated: "Please make your check or money order payable to American Accounts & Advisers, Inc. For your convenience, you may pay online at www.amaccts.com. Please be advised that a $30.00 fee will be added for all returned checks."

17.     Nowhere in Defendant AAA's July 19, 2013 letter does it disclose that electronic payments would result in a three (3) percent processing fee.

18.     After receiving the July 19, 2013 letter, Plaintiff made a credit card payment online for an amount of $25.00.

19.     As a result of Plaintiff's credit card payment, Plaintiff was charged with a processing fee in the amount of $0.75. Defendant AAA's processing fee for the credit card payment was unauthorized and without legal right under the original contract or any agreement thereafter and therefore in violation of 15 U.S.C. §§ 1692f(1) and 1692e(2)(B).

## CLASS ALLEGATIONS

20.     Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following class:

> *ALL CONSUMERS IN THE STATE OF MINNESOTA WHO RECEIVED COLLECTION LETTERS FROM DEFENDANT AAA SIMILAR TO EXHIBIT 1, WITHIN ONE (1) YEAR FROM THE DATE OF THE FILING OF THIS ACTION.*

21.     Plaintiff also brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> *ALL CONSUMERS IN THE STATE OF MINNESOTA WHO WERE CHARGED CREDIT CARD PROCESSING FEES FOR PAYMENTS FROM DEFENDANT THAT WERE NOT AUTHORIZED, WITHIN ONE (1) YEAR FROM THE DATE OF THE FILING OF THIS ACTION.*

22.     The classes are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Plaintiff avers upon information and belief that Defendant AAA has sent over a hundred Minnesota consumers' collection letters similar to Exhibit 1 and charged over a hundred Minnesota consumers an online payment processing fee that was not authorized under the agreement creating the debt. Accordingly, Plaintiff estimates that each class size is greater than 100.

23.     There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. The principal questions are whether Defendant violated the FDCPA by charging credit card processing fees for payments by telephone and failing to provide its address for consumers to request information in writing.

24.     Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

25.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

26.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members

which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

27.    A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is slight because the maximum statutory damages are limited to $1,000.00 under the FDCPA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

28.    This Class Action seeks actual damages (reimbursement/disgorgement) for all the illegal charges or fees) in addition to statutory damages for the class.

## **TRIAL BY JURY**

29.    Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. Amend. 7; Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. §1692 ET SEQ.
### (Defendant AAA)

30.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.    The foregoing acts and omissions of Defendant AAA constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692e(14), 1692f, 1692f(1) and 1692g.

32.    Defendant AAA charged Plaintiff with unauthorized electronic payment processing fees without legal right under the original contract or any agreement thereafter, in violation of 15 U.S.C. §§ 1692f(1) and 1692e(2)(B).

33.    As a result of Defendant AAA's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant AAA.

## COUNT II.

## CONVERSION
### (Defendant AAA)

34.     Plaintiff incorporates by reference the above recited paragraphs as though fully

stated herein.

35.     Defendant AAA intended to interfere with Plaintiff's right of possession of

personal property.

36.     Defendant AAA interfered with and deprived Plaintiff of her right to her

personal property through the illegal charges imposed and collected by its

unauthorized electronic payment processing fees.

37.     The foregoing acts and omission of Defendant AAA constitute a willful or

reckless disregard for Plaintiff's property interest.

38.     As a result, Plaintiff is entitled to actual damages, costs, and attorney's fees.

## <u>PRAYER FOR RELIEF</u>

 **WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

- That judgment be entered against  Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);
- That judgment  be entered against Defendant for actual damages or reimbursement to the class of the illegal charges and fees;
- That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- That the Court award actual damages, costs, and attorney's fees for conversion;
- That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;
- That judgment be entered against  Defendant for Plaintiff's separate actual damages; and

•     That the Court grants such other and further relief as may be just and proper.

Dated this 10th of January, 2014.      Respectfully submitted,


By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
*ATTORNEY FOR PLAINTIFF*
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
*ATTORNEY FOR PLAINTIFF*
MARTINEAU, GONKO & VAVRECK
PLLC
DESIGNERS GUILD BUILDING
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com